# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-1526 FMO (PJWx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **Albert Midgette v. Wells Fargo Bank, N.A., et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present            None Present

**Proceedings:**      **(In Chambers) Order Remanding Action**

On January 20, 2017, Albert Midgette ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo") and Quality Loan Service Corporation ("Quality") (collectively, "defendants"). (See Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1 ("Complaint")). On February 24, 2017, Wells Fargo removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See NOR at p. 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937 (2004), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal

| Case No. | **CV 17-1526 FMO (PJWx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **Albert Midgette v. Wells Fargo Bank, N.A., <u>et</u> <u>al.</u>** | | |

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); <u>see</u> <u>Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); <u>Washington v. United Parcel Serv., Inc.</u>, 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or <u>sua</u> <u>sponte</u>).

## DISCUSSION

Having reviewed the NOR and the state court Complaint, the court is persuaded that it does not have subject matter jurisdiction over the instant matter.[1] In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. <u>See</u> 28 U.S.C. § 1441(a); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. <u>See</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (<u>See</u> Dkt. 1, NOR at ¶ 2A). Wells Fargo is a citizen of South Dakota. (<u>Id.</u> at ¶ 2B). However, as Wells Fargo concedes, Quality is a citizen of California. (<u>See</u> <u>id.</u> at ¶ 2C). Thus, complete diversity does not exist.

However, Wells Fargo contends that Quality has been fraudulently joined and is a sham defendant since it is merely a trustee that has filed a Declaration of Nonmonetary Status ("DNMS"). (<u>See</u> NOR at ¶ 2C). An initial matter, contrary to Wells Fargo's contention, (<u>see</u> NOR at ¶ 2C), the filing of a DNMS pursuant to California Civil Code § 2924l by Quality does not render it a nominal party. As one court has stated:

> A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status. . . . [E]ven if a defendant's nonmonetary status declaration remains unchallenged for the duration of the action, the

---

[1] Wells Fargo seeks only to invoke the court's diversity jurisdiction. (<u>See</u>, <u>generally</u>, Dkt. 1, NOR).

| Case No. | **CV 17-1526 FMO (PJWx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **Albert Midgette v. Wells Fargo Bank, N.A., et al.** | | |

defendant is bound by the nonmonetary terms of the judgment.

Sublett v. NDEX West, LLC, 2011 WL 663745, *2 (S.D. Cal. 2011) (citation omitted); see also Hershcu v. Wells Fargo Bank, N.A., 2012 WL 439698, *2 (S.D. Cal. 2012) ("The citizenship of [defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status.").[2]  Thus, the filing of a declaration of nonmonetary status does not render Quality a nominal party.  See Dejilo v. Wells Fargo Bank, N.A., 2015 WL 5187344, *3 (N.D. Cal. 2015) ("Courts have held . . . that status as trustee is not itself sufficient to render an entity a nominal party.") (internal quotation marks omitted).

With respect to Wells Fargo's contention that Quality was fraudulently joined, the court is not persuaded.  "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity."  United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted).  "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."  Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").  The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant.  See Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

---

[2]  Courts are split on whether an unopposed declaration of nonmonetary status is sufficient to deem a trustee a nominal party.  Compare Rivera v. Aurora Loan Servs. LLC, 2010 WL 1709376, *2 (S.D. Cal. 2010) (finding notice of nonmonetary status sufficient to render party nominal party for purposes of jurisdiction); Raissian v. Quality Loan Serv. Corp., 2014 WL 6606802, *3-4 (C.D. Cal. 2014) (recognizing split) with Sublett, 2011 WL 663745, at *2 (finding notice insufficient to render party a nominal party for jurisdiction purposes) and Hershcu, 2012 WL 439698, at *2 (same).  The court believes the reasoning of Sublett and Herschu is more persuasive.

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-1526 FMO (PJWx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **Albert Midgette v. Wells Fargo Bank, N.A., et al.** | | |

Here, Wells Fargo has failed to meet its burden of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Quality. Among other claims, plaintiff asserts claims against Quality for violations of the Homeowner Bill of Rights ("HBOR") by, among other things, knowingly violating a bankruptcy stay. (See Dkt. 1-1, Complaint at ¶¶ 41, 71-73). "These and other allegations of the Complaint clearly demonstrate that [plaintiff's] claims against [the trustee] are not merely predicated on its ministerial role as [] trustee." Gomez v. Wells Fargo Bank, N.A., 2015 WL 4592060, *2 (N.D. Cal. 2015); see, e.g., Mireles, 845 F.Supp.2d at 1068 (finding trustee was not fraudulently joined partly because alleged violation of Cal. Civ. Code § 2923.5 could support UCL claim); Knott v. Caliber Home Loans, 2015 WL 3932668, *5 (C.D. Cal. 2015) (remanding case where plaintiff's complaint alleged that trustee participated in alleged wrongdoing); Dejillo, 2015 WL 5187344, at *2 (noting that other courts have found trustees not fraudulently joined); Daniels v. Wells Fargo Bank, N.A., 2012 WL 10649202, *5 (C.D. Cal. 2012) (noting that because several claims were directed toward all defendants collectively, trustee "could potentially be held liable either under a conspiracy theory or for the claims aimed at Defendants collectively"). Thus, "it is untrue that the complaint lacks allegations that could result in [Quality] being held liable for the wrongful conduct charged." Mireles, 845 F.Supp.2d at 1064. Under the circumstances, the court concludes that Wells Fargo has not met its heavy burden of establishing that "plaintiff could not possibly recover" against Quality. See id. at 1063; see also Hamilton Materials Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."); Knott, 2015 WL 3932668, at *2 ("The standard is not whether plaintiffs will actually or even prevail on the merits, but whether there is a possibility that they may do so.") (internal quotation marks omitted).

Because Quality is not a nominal party and was not fraudulently joined, its citizenship is considered in the determination of diversity jurisdiction. Thus, there was no diversity jurisdiction over this action at the time of removal because both plaintiff and Quality are citizens of California.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer          vdr